IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILMA HALL, | : | CIVIL ACTION |
| | : | NO. 08-6047 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of the | : | |
| Social Security | : | |
| Administration, | : | |
| | : | |
| Defendant. | : | |

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                                January 11, 2010

Before the Court are Defendant's objections to Magistrate Judge David R. Strawbridge's Report and Recommendation ("R&R"). For the reasons that follow, the objections will be overruled and the Report and Recommendation will be adopted.

**I.  BACKGROUND**

   A.   Factual Background

Plaintiff was born on March 2, 1948. Plaintiff completed school through the twelfth grade and has relevant past work experience as an insurance claim adjuster/clerk, a job she held for fifteen years prior to the onset of the alleged disabilities. See Pl.'s Mot. Summ. J. 1; see also R&R 2.

Plaintiff alleges that her disability onset date is June 8, 2001, the day she stopped working at age fifty-three.

Plaintiff claims that she is disabled due to the following conditions: degenerative disc disease ("DDD") of the cervical spine, low back pain, panic disorder with agoraphobia, and major depression. See R&R at 2. Furthermore, Plaintiff alleges that sufficient medical evidence establishes her disability.

B. Procedural History

Prior to Plaintiff filing suit with this Court on December 31, 2008, she pursued the appropriate administrative avenues.[1] On June 12, 2006, Plaintiff filed applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The state agency denied these applications and Plaintiff timely filed a request for hearing. Id. at 1. On April 22, 2008, Administrative Law Judge Stephen Bosch ("ALJ") held a hearing, at which Plaintiff was found "not disabled and was not entitled to receive benefits." Id.

The Appeals Council denied Plaintiff's request for review of the ALJ's decision, on October 31, 2008, finalizing the Commissioner's determination to deny benefits. Plaintiff subsequently filed this complaint, on December 31, 2008, seeking reversal of the ALJ's decision. Following a motion for summary judgment by Plaintiff, this case was referred to Magistrate Judge David R. Strawbridge for a Report and Recommendation on the

---

[1] Plaintiff's date-last-insured ("DLI") for purposes of her Title II application is December 31, 2006.

matter. Therein, Plaintiff requested an entry of summary judgment in her favor, ruling that "she is eligible to receive benefits," or, in the alternative, remand her case to the Commissioner for "receipt of further evidence." In response, the Commissioner opposes an award of benefits and requested an affirmation of the ALJ decision.

On July 31, 2009, Magistrate Judge Strawbridge issued a Report and Recommendation recommending that the decision of the Commissioner be vacated and the matter be remanded for review. Magistrate Judge Strawbridge found that by failing to consider Plaintiff's GAF score below 50, the ALJ did not consider "probative evidence," warranting further consideration.

**II. DISCUSSION**

A. Legal Standard

This Court undertakes a de novo review of the portions of the Report and Recommendation to which Plaintiff has objected. 28 U.S.C. § 636(b)(1); Cont'l Cas. Co. v. Dominick D'Andrea, Inc., 150 F.3d 245, 250 (3d Cir. 1998). The Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

In reviewing the Commissioner's final determination

that a person is not disabled[2] and therefore not entitled to Social Security benefits, the Court is precluded from independently weighing the evidence or substituting its own conclusions for those reached by the ALJ. Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002). Instead, the Court must review the factual findings presented in order to determine whether they are supported by substantial evidence. 42 U.S.C. § 405(g); Rutherford v. Barnhart, 399 F.3d 546, 552 (3d Cir. 2005).

Substantial evidence constitutes that which a "reasonable mind might accept as adequate to support a conclusion." Rutherford, 399 F.3d at 552 (internal quotations and internal quotation marks omitted). "It is 'more than a mere scintilla but may be somewhat less than a preponderance of the evidence'" Id. (quoting Ginsburg v. Richardson, 436 F.2d 1146, 1148 (3d Cir. 1971)). If the ALJ's decision is supported by substantial evidence, the Court may not set it aside even if the Court would have decided the factual inquiry differently.

---

[2] A claimant is "disabled" if he or she is unable to engage in "any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. §§ 416.905, 404.1505.
　　Once the claimant satisfies her burden by showing an inability to return to her past relevant work, the burden shifts to the Commissioner to show the claimant, given her age, education, and work experience, has the ability to perform specific jobs existing in the economy. 20 C.F.R. §§ 416.920, 404.1520; see Rutherford, 399 F.3d at 551.

Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999) (citations omitted); see also Rutherford v. Barnhart, 399 F.3d 546, 552 (3d Cir. 2005) ("In the process of reviewing the record for substantial evidence, we may not 'weigh the evidence or substitute [our own] conclusions for those of the fact-finder.'") (quoting Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992)).

Because Magistrate Judge Strawbridge outlined the standards for establishing a disability under the Social Security Act and summarized the five-step sequential process for evaluating disability claims, the Court will not duplicate these efforts here. See R&R 4-6; see also Santiago v. Barnhart, 367 F. Supp. 2d 728 (E.D. Pa. 2005) (Robreno, J.) (outlining the standards and five-step sequential process for evaluating disability claims).

B. Defendant's Objections to the Report and Recommendation

The thrust of the Commissioner's objections to Magistrate Judge Strawbridge's Report and Recommendation is a reiteration of the argument proffered in response to Plaintiff's motion for summary judgment. Specifically, the Commissioner objects to the Report and Recommendation for the following three reasons: (1) the ALJ's rationale in discounting Plaintiff's treating mental health records was sufficient; (2) no presumption exists that a GAF score is significant probative evidence an ALJ

must address and, here, the GAF scores were not probative; and (3) Plaintiff failed to meet her burden to prove an inability to perform her past relevant work.

In total, the Commissioner opposes, contending that the ALJ did not provide sufficient explanation for discounting the WES Center mental health records. The Commissioner maintains that upon dismissing Plaintiff's testimony and medical records as "not credible," the ALJ was not required to revisit the determination for further explanation. See R&R 4.

The Court disagrees. The ALJ had a responsibility to consider and discuss all probative evidence detailing whether Plaintiff suffered from a mental impairment that could impinge upon her ability to return to past relevant work. See Colon v. Barnhart, 424 F. Supp. 2d 805, 814 (E.D. Pa. 2006) (holding that GAF scores are considered such "significant probative evidence" warranting discussion by the ALJ). Nowhere on the record did the ALJ address the Plaintiff's GAF scores of 50 or under, therefore this Court is required to remand the claim for a review of that evidence.

**III. CONCLUSION**

Based on Magistrate Judge Strawbridge's Report and Recommendation, Plaintiff's objections thereto, and Defendant's response, the Court will adopt the findings of the Report and Recommendation. Accordingly, Plaintiff's motion for summary

judgment will be **DENIED** and Plaintiff's motion for remand will be **GRANTED**.