```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| WILMA L. HALL, | : | CIVIL ACTION |
| | : | NO. 08-6047 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| MICHAEL J. ASTRUE, | : | |
| | : | |
| Defendant. | : | |

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                              JUNE 18, 2012

I.  INTRODUCTION

Plaintiff Wilma L. Hall ("Plaintiff") filed this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the Commissioner of the Social Security Administration's ("Commissioner") final decision denying her application for Disability Insurance Benefits under Title II of the Social Security Act.  Currently before the Court is Plaintiff's Motion for Attorney's Fees Pursuant to 42 U.S.C. § 406(b).

For the reasons that follow, the Court will grant Plaintiff's Motion.

**II.   BACKGROUND**

    A.   Factual Background

Plaintiff was born on March 2, 1948.  Plaintiff completed school through the twelfth grade and has relevant past work experience as an insurance claim adjuster, a job she held for fifteen years prior to the onset of the alleged disabilities.  See Pl.'s Mot. Summ. J. 1, ECF No. 8; see also R&R 2, ECF No. 12.

Plaintiff alleges that her disability onset date is June 8, 2001, the day she stopped working at age fifty-three.  Plaintiff claims that she is disabled due to the following conditions: degenerative disc disease of the cervical spine, low back pain, panic disorder with agoraphobia, and major depression.  See R&R 2.  Furthermore, Plaintiff alleges that sufficient medical evidence establishes her disability.

    B.   Procedural History

Prior to Plaintiff filing suit with this Court on December 31, 2008, she pursued the appropriate administrative avenues.  On June 12, 2006, Plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income.  The state agency denied these applications and Plaintiff timely filed a request for a hearing.  Id. at 1.  On April 22, 2008,

Administrative Law Judge ("ALJ") Stephen Bosch held a hearing, at which Plaintiff was found "not disabled and was not entitled to receive benefits."  Id.

The Appeals Council denied Plaintiff's request for review of the ALJ's decision on October 31, 2008, finalizing the Commissioner's determination to deny benefits.  Plaintiff subsequently filed this complaint on December 31, 2008, seeking reversal of the ALJ's decision.  Following a motion for summary judgment by Plaintiff, this case was referred to Magistrate Judge David R. Strawbridge for a Report and Recommendation ("R&R") on the matter.  Therein, Plaintiff requested an entry of summary judgment in her favor, ruling that she is eligible to receive benefits, or, in the alternative, remand her case to the Commissioner for receipt of further evidence.  In response, the Commissioner opposed an award of benefits and requested an affirmation of the ALJ's decision.

On July 31, 2009, Judge Strawbridge issued his R&R recommending that the decision of the Commissioner be vacated and the matter be remanded for review.  On January 11, 2010, this Court overruled the Commissioner's objections to the R&R and approved and adopted Judge Strawbridge's R&R.  See Hall v. Astrue, No. 08-6047, 2010 WL 92471 (E.D. Pa. Jan. 11, 2010).

On January 20, 2010, Plaintiff's attorney, Michael Boyle, filed a motion for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412,[1] in the amount of $3,472.91. ECF No. 17. The Commissioner did not oppose this award, and the Court approved Mr. Boyle's application as unopposed. ECF No. 19.

After remand to the Commissioner, a hearing was held before ALJ Bosch on April 29, 2011. On May 9, 2011, ALJ Bosch found that Plaintiff was disabled since June 12, 2006, and was owed past benefits.

On April 2, 2012, Mr. Boyle filed a motion for the Court to award $11,253.50 in attorney's fees under 42 U.S.C. § 406(b). The Commissioner did not oppose this motion. Because of the Court's prior experience of payments being made to the

---

[1] The Equal Access to Justice Act provides, in pertinent part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A) (2006).

claimant in full without deducting for an attorney's fee award, thus resulting in the Commissioner overpaying the claimant, the Court issued a Rule to Show Cause why the fee should be approved. ECF No. 24. Both Plaintiff and the Commissioner responded. ECF Nos. 26, 25. The motion is now ripe for disposition.

**III. DISCUSSION**

Fee awards to prevailing Plaintiff's attorneys in social security cases are governed by statute. Pertinent here, 42 U.S.C. § 406(b)(1)(A) provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C. § 406(b)(1)(A) (2006). Mr. Boyle's request is precisely 25 percent of Plaintiff's recovery in this case.

5

Neither the Commissioner, nor the Court, takes issue with the amount of requested attorney's fees in this case.

The Court writes to set forth the payment procedures utilized in this case, which could serve as a model for future cases.  In Williams v. Astrue, No. 07-1832, the Court became concerned with the process used to pay attorney's fees under § 406(b).  Generally, when a court grants an attorney an award of fees under § 406(b), the Social Security Administration ("SSA") is to withhold this fee amount from the claimant's benefits.  See, e.g., 20 C.F.R. § 404.1720(b)(4) (2012).  This process did not occur in the Williams case, however.  There, the SSA failed to withhold the attorney's fees granted under § 406(b) from the claimant's past benefits due.  Therefore, the SSA overpaid the claimant by the amount of the attorney's fees owed to the attorney.  During the course of that litigation, the Court was made aware that these overpayments occur with some frequency.  See Hr'g Tr. 39-42, July 6, 2011, ECF No. 61.  When such overpayments occur, the SSA will apologize for failure to withhold the proper amount and inform the attorney to seek the fee directly from the claimant.  Id. at 39:7-10.  If the claimant refuses to pay the attorney the amount due, the attorney is told to alert the SSA.  Then, the SSA will pay the attorney and collect the fee he or she was due, but which the

claimant would not voluntarily return, from the claimant. Id. at 39:11-14. It appears that this overpayment, and inability to recover the overpayment, has resulted in the loss of "hundreds of thousands of dollars." Hr'g Tr. 7:8-23, Mar. 14, 2011, ECF No. 48.

In an effort to ameliorate this problem in this case, the Court made the parties aware of its concerns and issued its Rule to Show Cause why Plaintiff's motion for attorney's fees should be granted. ECF No. 24. In his response, the Commissioner indicated that he conferred with the Operations Analysis Section, Processing Center Operations, Social Security Administration, Region III ("OAS"). OAS confirmed that 25 percent of Plaintiff's benefits due had been withheld to pay for any requests for attorney's fees. Therefore, any potential overpayment in this case has been prevented.

Accordingly, given the assurance from the Commissioner that the 25 percent has been withheld from Plaintiff's past benefits due, the Court will grant Plaintiff's Motion for Attorney's Fees in the amount of $11,253.50.

## IV. CONCLUSION

For the reasons set forth above, the Court will grant Plaintiff's Motion for Attorney's Fees Pursuant to 42 U.S.C. § 406(b). An appropriate order will follow.